# Kerr *versus* O'Connor.

1. A failure on the part of a judge to reduce to writing his charge and answers to points is not assignable for error.

2. In a joint action of trespass, the plea of " not guilty" entered for both defendants, may be regarded as the several plea of each.

3. The Act of April 14th 1851 (Dogs Killing Sheep), permits suit to be brought against all the owners of several dogs, which at one and the same time kill and wound sheep.

4. All the owners are answerable for the act of killing.

5. No *scienter* as to the disposition of the dogs need be shown.

6. If dogs are kept, it is on the terms of paying for damage they may do in worrying sheep.

[Kerr *v.* O'Connor.]

7. Each owner is answerable for the whole damage done in which his dog is jointly engaged.

8. The action would lie without proof of joint ownership of dogs when they did the mischief together.   Per Thompson, C. J.

9. Actual satisfaction is necessary to sustain the plea of " accord and satisfaction."

10. A contract to pay at a future day the damages done, might be pleaded as a release or might avail as defence on the trial; but would not sustain the plea of accord and satisfaction.

November 17th 1869.   Before Thompson, C. J., Read, Agnew, Sharswood and Williams. JJ.

Error to the Court of Common Pleas of *Butler county*: No. 85, to October and November Term 1869.

This was an action of trespass under the Act of April 14th 1851, sect. 8 (Pamph. L. 712; Purd. 850 pl. 2), brought before a justice of the peace by Daniel O'Connor against John Kerr and William Kerr for damages on account of defendants' dogs killing the plaintiff's sheep.   The defendants were father and son.   The justice rendered judgment for the plaintiff and the defendants appealed.   The declaration was in the usual form; the defendants pleaded " not guilty" and " accord and satisfaction."   The plaintiff gave evidence that in May 1866, two dogs were worrying the plaintiff's sheep, the dogs went to the defendants' houses; they lived on the same place, their houses were about 30 rods apart. There was evidence that the dogs shortly after the attack on the sheep were found at the house of John Kerr, one belonged to John and the other to William.

The plaintiff gave evidence of the value of the sheep.

The defendants gave evidence that the dogs which worried the sheep were not their dogs but dogs of other persons; that they had made a compromise with the plaintiff by which they agreed to give him seven lambs in the fall and that the suit was commenced before the time for delivering the lambs had arrived.

There was much evidence on both sides in support of their respective allegations.

The plaintiff's first point was:—

" That if the jury believe from the evidence that the dogs of the defendants or either of them killed, worried or otherwise damaged the plaintiff's sheep, the plaintiff is entitled, under the Act of April 1851, to recover damages to the amount of the injury sustained and proved, without any proof of scienter on part .of the defendants."

Answer : " We answer in the affirmative, with the same explanation we give in our answer to the sixth point of the defendants."

The defendants submitted these points :—

" 1. The defendants are sued as joint owners of the dogs.

2. The declaration is against them as joint owners.

[Kerr *v.* O'Connor.]

3. If the jury find that the defendants are not joint owners of the dogs, the plaintiff cannot recover.

4. If the jury find John Kerr owned one dog, and William Kerr the other, they are not then joint owners, and the plaintiff cannot recover against either defendant.

5. If the parties before the suit was brought settled and compromised the matter in dispute between them, this suit cannot be maintained, unless they subsequently mutually rescinded the settlement.

6. The plaintiff must allege and prove the scienter on part of defendants that their dogs were in the habit of chasing, worrying and killing sheep."

The court (McGoffin, P. J.) charged: * * *

"In answer to the first, second, third and fourth points presented by the defendants—we affirm them as true. And unless the injury complained of was one committed by the defendants jointly, and of which the plaintiff must make satisfactory proof, the plaintiff resting upon the act alone without such proof would not be entitled to recover against them jointly.

"But as the defendants have set up the plea of accord and satisfaction and have been offering proof of such accord or agreement, if the proof sustains the plea it becomes immaterial and the defendants cannot now take advantage of the fact of whether the act was joint or several, as under that plea it becomes immaterial whether the original claim of the plaintiff was joint or several.

"The sixth point we will next answer and say to the jury that under the Act of Assembly of 14th of April 1851, it is not necessary for the plaintiff to prove the scienter, that is that the defendants knew their dogs were in the habit of worrying and killing sheep before the plaintiff's sheep were killed and wounded, as all the law requires is proof of the fact, to the satisfaction of the jury, that the defendants' dogs committed the injury complained of, which will entitle him to compensation to the amount of the injury sustained, which is a fact for the determination of the jury.

"In answer to the fifth point:—That if there was a controversy between the parties as to whether the defendants' dogs had killed the sheep or committed the injury complained of—or a dispute as to the amount of damages the plaintiff was entitled to as a compensation therefor, and the parties compromised that difficulty, and there was an agreement that the defendants were to pay plaintiff so much, or to deliver in settlement thereof certain specific articles of property, and the plaintiff agreed to accept the same in satisfaction of his claim—that would be a good accord under the defendants' plea, provided this accord or agreement was executed, and that when so executed or delivered was to be in satisfaction of his claim. A mere offer to perform the accord or agreement,

[Kerr *v.* O'Connor.]

or a tender of performance or even a part performance and a readiness to perform the rest, will not be sufficient. There must be a full execution and satisfaction before the bringing of the suit, in order to prevent a suit by the plaintiff upon the original claim. And although the time for the delivery of the property in performance of the accord had not arrived at the time of the bringing of the suit, still that will not be sufficient reason for non-delivery of the property under the pleas of the defendants; because they plead both accord and satisfaction: full satisfaction must be made to the plaintiff, and he must accept it in discharge of his claim."

The verdict was for the plaintiff for $56.

The defendants took a writ of error; they assigned for error that the court erred :—

1. In charging that the plea of accord and satisfaction enabled the plaintiff to maintain the action though the dogs were not jointly owned by the defendants.

2 and 3. In not reducing the answers to the points to writing; not reading the answers to the jury; not delivering the points and answers to the prothonotary to be filed; not filing the charge within thirty days of the rising of the court.

4. In leaving to the jury the question of law whether the defendants were jointly liable.

5. In charging that the defendants were jointly liable under the facts.

6. In submitting to the jury, as an element of the joint liability of the defendants, the plaintiff's allegations that the defendants were "aware of the propensity of their dogs to kill or chase sheep, and had neglected and refused to restrain them from running about at night."

7 and 8. The answer to the plaintiff's first point, by which the question of fact whether the defendants were joint owners of the dogs, was submitted without evidence.

9. The charge is uncertain, &c.

*E. M. Bredin*, for the plaintiffs in error.—The answers to the points and the charge were not filed according to law: Acts of April 17th 1856, sect. 3, Pamph. L. 396, Purd. 164, pl. 155; February 24th 1806, sect. 254, Smith's L. 276, Purd. 807, pl. 33; Wheeler *v.* Winn, 3 P. F. Smith 128; Downing *v.* Baldwin, 1 S. & R. 300. The plea of "Not guilty" denied joint liability: Gould's Pleading Ch. 5, p. 273, pl. 106, p. 281, pl. 117, Ch. 8, p. 430–435; Stephen on Pleading 273; Wilson *v.* Hamilton, 4 S. & R. 238; Lyon *v.* Marclay, 1 Watts 276; Bauer *v.* Roth, 4 Rawle 97. The defendants were not liable for the acts of the dogs of each other, they stood in no relation of liability for each other:

[Kerr v. O'Connor.]

Bard v. Yohn, 2 Casey 482; Klauder v. McGrath, 11 Id. 128; Little Sch. Nav. v. Richards, 7 P. F. Smith 142. He referred to Act of, 1851, *supra*, on the question of the *scienter*. The intention of the act as to joint liability is doubtful and it will not be inferred: Dwarris on Stat. 43; Borland v. Nichols, 2 Jones 43.

There was no name of counsel to the paper-book of the defendant in error.

The opinion of the court was delivered, July 7th 1870, by

THOMPSON, C. J.—It must be admitted that the presentation of this case is very uninviting and unsatisfactory. Where the fault is we are not called upon to pronounce, but may hope it will be the last of the kind.

We have very often said that a failure on the part of a judge to reduce to writing his charge and answers to points, as required by Act of Assembly, is not assignable as error in the trial. Such failures the judge alone is answerable for, and not the suitor. Everything done may be all rightly and properly done on the trial of the cause, and yet the judge may neglect to file his charge in time. It would be something more than unreasonable to hold, that for this, a party entitled to maintain a judgment he has rightly obtained, shall be deprived of it without fault or error on the part of anybody, but by reason of something collateral to, and outside of, the case, and over which he had not a shadow of power to interfere. A moment's thought would certainly save the trouble of assigning such matters for error. While we cannot correct such omissions on the part of judges, let it not be supposed we approve of them. So far as the assignments of error in this case relate to these matters, they are dismissed from further notice.

The defendants below, father and son, living quite near to each other, owned two dogs, whether jointly or severally, does not appear in the testimony. These dogs, on a certain morning, together killed and wounded a number of the plaintiff's sheep, and for this act of trespass the defendants were sued jointly, and they plead "not guilty" and "accord and satisfaction."

On the trial the counsel for the defendants, amongst other things, propounded a point, that if the jury should find that the defendants were not joint owners of the dogs, the plaintiff could not recover. Also a point, that if the jury should find that one of the defendants owned one of the dogs and the other the other, the plaintiff could not recover against either. These points were distinctly and expressly affirmed by the court. The jury found against these hypotheses, viz., that the defendants were the several and not joint owners of the dogs. The points themselves contained negatives pregnant, upon which the jury doubtless founded their verdict. They found their ownership to be joint or common, and

[Kerr *v.* O'Connor.]

assessed the damages against them jointly. The plea was "not guilty," and although entered for them both, still it may be regarded as the several plea of each, yet there was no severance in testimony. Indeed, the defence turned on the question of the guilt of the dogs, and on another raised by the plea of "accord and satisfaction." The jury were not to be expected to sever where the defence showed no severance. Neither of the defendants denied his ownership of the dogs so far as we can discover. But what of this? The court charged just as the defendants requested on the point of joint ownership, and no more need be said about it. In my opinion the Act of the 14th of April 1851, is broad enough to permit suit against all the owners of several dogs, which together at one and the same time, kill and wound a flock of sheep. They are all answerable for the act of killing. No *scienter* need be shown as to the disposition of the dogs. If dogs are kept by farmers they are kept on the terms of paying for the damage they may do in worrying sheep. Each one is answerable for the whole damage done in which his dog is jointly engaged. It would, indeed, seem to be rather in favor of the owner of a dog which has engaged in killing sheep, that the owners of the dog's confederates should be included in the same trespass. Under the statute, I think the action would lie without proof of joint ownership of dogs, where they have acted in concert, or perhaps, more properly speaking, did the mischief together. Where it is done at several times, of course no such rule could exist. But the court did not go this far, and certainly there is nothing of which it ought to be complained of, by the plaintiffs in error on this point.

The ninth assignment of error and its specifications are all in contravention of the rules of this court regulating the assignments of error. I may remark, however, that there was nothing said by the learned judge, if I understand the charge, on the subject of the plea of "accord and satisfaction," which precluded either defendant from showing that he was not guilty of the trespass charged. He did say, that if the proof sustained the plea, it was not material whether the claim of the plaintiff was joint or several. This was a self-evident proposition. If the trespass had been compensated under an agreement of the parties, that would assuredly have ended all controversy, and then there would have remained no materiality in the question of several or joint liability. But the defendants complain that they were sued before the time had arrived for making satisfaction. If this were so, it at once disproves the plea, for that asserts both "accord" and "satisfaction." Actual satisfaction is absolutely essential to sustain the plea. A promise to pay the damages done at a future day would, perhaps, not sustain it. Such a contract might be pleaded as a release of the original cause of action, or might avail as a defence on the trial, but it would not sustain the plea of "accord and satisfac-

[Kerr v. O'Connor.]

tion." There is a satisfactory chapter on this subject in 1 Wilson's Bac. Abr., p. 41; see also 3 Chitty's Blackstone, 42, n.; Blackburn v. Ormsby, 5 Wright 97; Hearn v. Keihl, 2 Wright 147. There was no error in this portion of the charge, if we understand it aright. We have looked over this ragged case with care, and as presented see no positive error, while confusion and disorder are apparent at every step. Upon the whole, however, we see no reason for reversal, and therefore the judgment is affirmed.